## Fine, Appellant, *v.* Zoning Board of Adjustment.

Argued March 21, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Bresci R. P. Leonard,* with him *Royston, Robb,
Leonard, Edgecomb & Miller,* for appellant.

*Frederick A. Boehm,* Assistant City Solicitor, with
him *David W. Craig,* City Solicitor, for Board of Ad-
justment and City of Pittsburgh, appellees.

OPINION BY MR. CHIEF JUSTICE BELL, April 16, 1963:
This is an appeal from the Order of the County
Court of Allegheny County which, without taking any
testimony, affirmed the decision of the Zoning Board
of Adjustment.

Appellant, Rachael Fine, is the owner of real estate
situated at 2712 Jane Street, Pittsburgh, Pa. and to-
gether with her son, David Fine, operates a meat mar-
ket and slaughterhouse at that location. On October
9, 1961, an occupancy permit was issued by the zoning
administrator for use of the premises as a "butchery
and poultry shop and slaughterhouse for slaughtering
poultry and livestock, all as heretofore continuously

since prior to 1923." On October 10, 1961, Mr. and Mrs. Szymkowiak and Mr. and Mrs. Stolar, neighboring residents, appealed the action of the zoning administrator in granting the permit, to the Zoning Board of Adjustment.

Appellant's property is situated in an "M-3" Light Industrial District. Both under the present Ordinance enacted in 1958 and the prior original Ordinance enacted in 1923, the use of property for slaughterhouse purposes is prohibited in the district where appellant's property is located. In order to prevail, appellant must establish a nonconforming use in existence prior to 1923 and carried on continuously until the present time. Under §2703-2, Pittsburgh Zoning Ordinance No. 192 of May 10, 1958, a cessation of use of one year or more would prevent the reestablishment of the nonconforming use. The Board, after several hearings, reversed the action of the administrator and revoked the permit. The Board specifically found that no slaughtering occurred during the years 1949 to 1953.

Mrs. Fine thereafter appealed to the County Court which affirmed the action of the Zoning Board of Adjustment. Mrs. Fine then took this appeal from the Order of the County Court.

Appellant's principal contention is that the lower Court abused its discretion in refusing to take additional testimony pertaining to the alleged cessation of use. The Act of 1927, March 31, P. L. 98, §7, 53 P.S. §25057, pertinently provides: "If upon the hearing it shall appear to the court that testimony is necessary for the proper disposition of the matter, it *may** take evidence or appoint a referee to take such evidence. . . . The court may reverse or affirm wholly or partly or may modify the decision brought up for review."

The County Court had the power to hear evidence or, in its discretion, to decide the appeal without tak-

* Italics, ours.

ing any testimony, and the Order of the court will be affirmed by this Court unless there has been a manifest abuse of discretion or an error of law. *Silverco Inc. v. Zoning Board of Adjustment,* 379 Pa. 497, 504-505, 109 A. 2d 147; *Udylite Corporation v. Philadelphia Zoning Board of Adjustment,* 394 Pa. 645, 148 A. 2d 916.

Appellant formally offered to prove through named witnesses and voluminous records that during the years 1949 to 1953, slaughtering was conducted at 2712 Jane Street. Under the exceptional facts in this case, the County Court abused its discretion in refusing to take additional testimony.

Order vacated and case remanded to the County Court with directions to take additional testimony and make an Order de novo with appropriate findings.