■ MICHAEL IACOBELLI et al., Respondents, v CITY OF RYE et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Board of Appeals of the City of Rye, dated October 11, 1977, which, after a hearing, denied petitioners' application for a variance, the appeal is from a judgment of the Supreme Court, Westchester County, dated January 24, 1978, which, *inter alia,* granted the petition, annulled and vacated the determination and directed the board of appeals to issue the variance. Judgment modified, on the law, by deleting the first, third and fourth decretal paragraphs thereof. As so modified, judgment affirmed, without costs or disbursements, and matter remanded to the board of appeals for a further hearing and new determination consistent herewith. In order for an applicant to be granted a variance based on unnecessary hardship, he must establish (1) that the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone, (2) that his plight is due to unique circumstances and not to general neighborhood conditions which may reflect the unreasonableness of the zoning ordinance itself and (3) that the use authorized by the variance will not alter the essential character of the locality (see *Matter of Consolidated Edison Co. of N. Y. v Hoffman,* 43 NY2d 598, 607; *Matter of Otto v Steinhilber,* 282 NY 71, 76). Petitioners' proof at the hearing held by the board was insufficient· to establish these factors. While we agree with Special Term that the equities lie with the petitioners, the equities are not of such a nature as would justify holding that appellants are estopped from denying a variance to petitioners (cf. *Matter of Cortodd Homes v Misiakiewicz,* 45 AD2d 1008; *Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, affd 32 NY2d 796, cert den 414 US 1004). The equities we refer to are (1) the letter from the city clerk indicating that a nonconforming use in fact existed, (2) the length of time the premises had been used as a five-family dwelling and (3) petitioners' apparent good faith reliance on said letter. In view of those equities, we remand so that petitioners can have a further opportunity to present evidence that they will in fact suffer unnecessary hardship unless they are granted a variance. In reaching a new determination, the board of appeals should consider the equities we have enumerated above. Martuscello, J. P., Damiani, Margett and O'Connor, JJ., concur.