## Hedrick v. Zoning Hearing Board of Lower Saucon Township

*Milton J. Goodman*, for plaintiff.
*George A. Heitezman*, for defendant.

FREEDBERG, *J.*, July 16, 1981—This matter is before the court upon an appeal by property owners from a decision of the Zoning Hearing Board of Lower Saucon Township denying a variance. Appellants conduct a secondhand merchandise business on their property which is located in an R-A zoning district in Lower Saucon Township. After receipt of a letter from the township zoning officer advising that conduct of a business was a violation of the zoning ordinance, appellants sought a variance asserting a prior nonconforming use. Testimony was taken by the board on January 19, 1981, after proper notice to appellants. At that hearing, appellants, who were represented by counsel, presented testimony in support of their position. Adverse testimony from neighbors was also presented. On January 24, 1981, the board met to deliberate in the matter and handed down a decision adverse to appellants. The notice of appeal asserts that the zoning hearing board erred in finding that no business was conducted between 1958 and the end of 1963 and between 1970 and 1975. Appellants further assert that the court should either receive additional testimony or remand this matter to the board for taking of testimony of additional witnesses.*

---

*The notice of appeal does not list the names of the witnesses proposed to be called at the additional hearing or the substance of their testimony. In a supplemental brief, counsel for appellants listed the names of three individuals, including appellant Gertrude Hedrick who allegedly was unable to attend the zoning hearing because she was hospitalized. Each of these witnesses would be called to testify that the premises were used for sale of miscellaneous items during the periods in question.

The Pennsylvania Municipalities Planning Code, Section 1010, 53 P.S. §11010 provides in relevant part:

" . . . If upon motion it is shown that proper consideration of the zoning appeal requires the presentation of additional evidence, a Judge of the Court may hold a hearing to receive additional evidence or may remand the case [to the zoning hearing board] . . . "

In considering the court's obligation to permit additional testimony under statutory language virtually identical to that cited above, the Commonwealth Court stated in Boron Oil Co. v. City of Franklin, 2 Pa. Commonwealth Ct. 152, 157, 277 A. 2d 364, 366 (1971):

This provision does not mean, as the appellant suggests, that the court must receive additional evidence provided only that it is relevant. Such interpretation would not only nullify the discretion plainly conferred on the court, it would effectually remove from the zoning hearing board the fact-finding function entrusted to it by the legislature.[3] It would further render meaningless the requirement that the proposed additional evidence be shown to be necessary for a proper consideration of the appeal. The appellant was required to demonstrate that the record was incomplete either because it was refused the opportunity to be fully heard, or that relevant testimony offered by it was excluded. Udylite Corporation v. Philadelphia Zoning Hearing Board, 16 Pa. Dist. & Co. R. 2d 346 (1958). Affirmed 394 Pa. 645, 148 A. 2d 916 (1959) (Footnote omitted).

In the instant case, appellants have not demonstrated that they were refused the opportunity to be

fully heard or that relevant testimony was excluded. Thus, in spite of Gertrude Hedrick's hospitalization, there was no request for continuance or for further opportunity to present evidence at the conclusion of the hearing of January 19th. No explanation has been offered for the failure of appellants to call the other two witnesses whom they now propose to present. Appellants were on notice that the board would be considering the existence of a prior nonconforming use. They were given an opportunity to present relevant evidence. Having received an adverse decision, they now seek a second bite at the apple. We find no exceptional circumstances to justify a further hearing: Fine v. Zoning Board of Adjustment, 410 Pa. 487, 190 A. 2d 144 (1963).

Because we have taken no additional evidence, our scope of review of the decision of the zoning hearing board is to determine whether it abused its discretion or committed an error of law: Harper v. Ridley Township Zoning Hearing Board, 21 Pa. Commonwealth Ct. 93, 343 A. 2d 381 (1975). We find that there is ample evidence to sustain the finding of abandonment of the prior nonconforming use. The board was well within its discretion in premising its finding of abandonment upon the testimony of the acting police chief who related that he passed the property every day, and that for a period of seven or eight years subsequent to 1970, there was no business conducted thereon. This testimony was supported by testimony of neighbors. While the evidence of abandonment was controverted by other testimony, resolution of the factual dispute was for the board. Appellants assert that the board's finding was incorrect because it was based on negative evidence in the face of positive evidence to the contrary; however, the doctrine

that "negative evidence" could not overcome "positive evidence" has been rejected: Stack v. Wapner, 244 Pa. Superior Ct. 278, 283 368 A. 2d 92, 295 (1976).

Wherefore, we enter the following

### ORDER

And now, July 16, 1981, the appeal of Ervin E. Hedrick and Gertrude M. Hedrick from the decision of the Zoning Hearing Board of Lower Saucon Township is denied. The stay heretofore entered on February 18, 1981, is dissolved.