Melvin E. KLINGER, Petitioner-Respondent-Petitioner,†

v.

ONEIDA COUNTY and Oneida County Board of Adjustment, Respondents-Appellants.

Supreme Court

*No. 87-2250. Argued April 25, 1989.—Decided May 26, 1989.*

(Also reported in 440 N.W.2d 348.)

————————
† Motion for reconsideration denied, without costs, on July 18, 1989.

840

For the petitioner-respondent-petitioner there were briefs by *Sharon M. Gisselman,* Wausau, and oral argument by *Ms. Gisselman.*

For the respondents-appellants there was a brief and oral argument by *Lawrence R. Heath,* corporation counsel.

SHIRLEY S. ABRAHAMSON, J.   This is a review of a published decision of the court of appeals, *Klinger v. Oneida County,* 146 Wis. 2d 158, 430 N.W.2d 596 (Ct. App. 1988), reversing the order of the Circuit Court of Oneida County, Patrick J. Madden, Circuit Court Judge. The circuit court reversed the decision of the county Board of Adjustment and granted Melvin Klinger a variance from the Oneida County Zoning Ordinance, which limits repairs to a nonconforming mobile home.[1] We affirm the decision of the court of appeals.

The determinative issue is whether the circuit court applies the common-law certiorari standard of review or makes a de novo decision when a circuit court takes evidence that is substantially the same evidence as the county Board of Adjustment received. We agree with the court of appeals that the circuit court should apply the common-law certiorari standard of review in

---

[1]Because Klinger's home was a nonconforming structure under Oneida County ordinance 9.51.B (1986), it was subject to the following conditions under Oneida County ordinance 9.90.A.4 (1986):

> No structural alteration, addition, or repair to any nonconforming building or structure, over the life of the building or structure, shall exceed fifty percent (50%) of its estimated fair market value at the time of its becoming a nonconforming use, unless it is permanently changed to a conforming use.

this kind of case, and we affirm the decision of the court of appeals.

We set forth the facts of this case briefly; the facts are set forth more fully in the court of appeals' opinion. Klinger applied for a variance to make repairs to his mobile home; the home did not meet the zoning ordinance set back requirements.[2] After a hearing and two inspections of the property, the Oneida County Board of Adjustment denied his application.

Klinger then commenced an action in circuit court for review of the Board's decision by certiorari pursuant to sec. 59.99(10), Stats. 1987-88,[3] which provides in pertinent part as follows:

> **(10)** Certiorari. Any person ... aggrieved by any decision of the board of adjustment ... may within 30 days after the filing of the decision in the office of the board, commence an action seeking the remedy available by certiorari. ... *If necessary for*

---

[2]Klinger applied for a variance pursuant to sec. 59.99(7)(c), Stats. 1987-88. Under sec. 59.99(7)(c), the county board of adjustment is empowered

> [t]o authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

[3]This provision was enacted in 1927. A 1981 amendment did not affect the language in issue in this case. Wis. Laws 1981, ch. 289.

Sec. 59.99(10) is modeled on sec. 7 of The Standard State Zoning Enabling Act first published in 1924 and revised in 1926. The Act is reproduced in 5 Rathkopf, *The Law of Zoning and Planning,* Appendix A-1 (Release #28, 7/88). For a discussion of this provision see 4 Anderson, *American Law of Zoning,* secs. 27.32, 27.33 (1986); 4 Rathkopf, *The Law of Zoning and Planning,* sec. 42.07[6] (Release #7, 6/81).

*the proper disposition of the matter, the court may take evidence,* or appoint a referee to take evidence and report findings of fact and conclusions of law as it directs, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify, the decision brought up for review. (Emphasis supplied.)

The circuit court took evidence, decided the matter de novo, and granted Klinger a variance. The court of appeals reversed the circuit court, concluding that the circuit court erred in deciding the matter de novo and further concluding that the circuit court should have applied the common-law certiorari standard of review to the Board's decision. *Klinger v. Oneida County, supra,* 146 Wis. 2d at 159.

It is settled that the common-law certiorari standard of review applies to a circuit court's review under sec. 59.99(10) when the circuit court does not take evidence. Under the common-law certiorari standard of review, review is limited to "(1) [w]hether the board kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question." *Brookside v. Jefferson Board of Adjustment,* 131 Wis. 2d 101, 120, 388 N.W.2d 593 (1986).

Klinger argues in this court, as he argued in the court of appeals, that the common-law certiorari standard of review does not apply in this case, because the circuit court took evidence on the merits of the administrative decision pursuant to sec. 59.99(10).

843

In comparing the evidence presented to the Board and circuit court, the court of appeals concluded that no new facts were identified in the circuit court, no different witnesses were called and no new analyses were made. *Klinger v. Oneida County, supra,* 147 Wis. 2d at 164. We have reviewed the proceedings before the Board and the circuit court and have listened to the tape recording of the Board's proceedings. We agree with the court of appeals that although the circuit court took evidence in this case, the circuit court received substantially the same evidence that the Board received.

Klinger argues that even if the evidence before the circuit court is the same as that before the Board, the circuit court may come to its own decision about granting a variance giving little if any deference to the Board's decision.

We find this argument unpersuasive because it ignores the deference due a Board's decision. The legislature vested discretion in the Board and did not intend a circuit court to substitute its discretion for that committed to the Board. We have frequently stated that when the circuit court takes no evidence the circuit court should afford the Board's decision about a variance a presumption of correctness and validity; that the circuit court should hesitate to interfere with the Board's decision on variances; the circuit court should not disturb the findings of the Board if any reasonable view of the evidence sustains them; and the circuit court should defer to the Board's decision unless it is unreasonable and without a rational basis.[4]

---

[4]*State ex rel. Brookside v. Jefferson Bd. Of Adjustment,* 131 Wis. 2d 101, 120, 388 N.W.2d 593 (1986); *Nufer v. Village Board of*

When, as in this case, the circuit court takes evidence that is substantially the same as that taken by the Board, deference to the Board demands that the evidentiary hearing should be treated as a nullity for purposes of determining the standard of review to be applied to the Board's decision.[5] The legislature could not have intended to allow the circuit court to pre-empt the discretion of the Board by conducting a duplicative evidentiary hearing. Accordingly we conclude that the circuit court should apply the common-law certiorari standard of review when, as in this case, the evidence taken by the circuit court is substantially the same as that taken by the Board.

We further agree with the court of appeals that when we apply the common-law certiorari standard of review in this case, the Board's decision not to grant the variance must be affirmed. See *Klinger v. Oneida County, supra,* 146 Wis. 2d at 164.[6]

A question left undecided in this case is what standard of review the circuit court should use to review the Board's decision when the circuit court takes evidence the Board did not receive on an issue going to

---

*Palmyra,* 92 Wis. 2d 289, 301, 284 N.W.2d 649 (1979); *Snyder v. Waukesha County Zoning Board,* 74 Wis. 2d 468, 475–476, 247 N.W.2d 98, 103 (1976); *State ex rel. Schleck v. Zoning Board of Appeals,* 254 Wis. 42, 52, 35 N.W. 312 (1948); *State ex rel. Morehouse v. Hunt,* 235 Wis. 358, 367, 291 N.W. 745 (1940).

[5]*Cf. State ex rel. Morehouse v. Hunt,* 235 Wis. 358, 367, 291 N.W. 745 (1940) (incompetent evidence taken by the circuit court treated as no evidence and certiorari standard of review applied.)

[6]On appeal from a circuit court order or judgment entered on certiorari, an appellate court does not review the judgment or findings of the circuit court but rather reviews the record of the Board to which certiorari is directed. *State ex rel. Harris v. Annuity & Pension Board,* 87 Wis. 2d 646, 651–52, 275 N.W.2d 668 (1979).

the merits of the Board's decision. This question is not presented in this case, and we do not reach it.[7]

We address, however, an underlying issue presented in this case, namely the circuit court's power to take evidence. Ordinarily in common-law certiorari proceedings, the scope of review is confined to the Board's record. Sec. 59.99(10) explicitly allows, however, the circuit court to take evidence "if necessary for the proper disposition of the matter." The statute thus broadens the scope of review by way of certiorari by granting the circuit court discretion to take and consider evidence when it shall appear "necessary" to do so.

The decision whether it is "necessary" for the circuit court to take evidence is vested in the discretion of the circuit court.[8]

Discretion is not synonymous with decision making. The term discretion contemplates a process of reasoning. This process depends on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards. Further, as this

[7]This question was also left open in *State ex rel. Brookside v. Jefferson Board,* 131 Wis. 2d 101, 122, 388 N.W.2d 593 (1986).

[8]*Browndale International v. Board of Adjustment,* 60 Wis. 2d 182, 194, 208 N.W.2d 121 (1973). See also *Price v. Planning Bd City of Keene,* 120 N.H. 481, 486, 417 A.2d 997, 1001 (1980); *Lambros v. Board of Adjustment of City of Missoula,* 153 Mont. 20, 25, 452 P.2d 398, 401 (1969); *Fine v. Zoning Board of the City of Pittsburgh,* 410 Pa. 487, 489–490, 190 A.2d 144, 146 (1963); *Lower Allen Citizens Action Group v. Lower Allen Twnship Zoning Hearing Board,* 93 Pa. Commw. 96, 500 A.2d 1253, 1258–59 (1895); 4 Anderson, *American Law of Zoning,* sec. 27.32, p. 578 (1986); 3 Rathkopf, *The Law of Zoning and Planning,* sec. 42.07[6] (Release #7, 6/81).

court has stated many times, the circuit court must make a record of its reasoning to ensure the soundness of its own decision making and to facilitate judicial review. In this case the circuit court erred in taking evidence without stating that it was exercising its discretion to do so and without stating the basis for the exercise of its discretion.

We cannot, of course, and do not set forth all the circumstances which might justify the circuit court's exercise of discretion to take evidence "for the proper disposition of the matter." Sec. 59.99(10), Stats. 1987–88. In the interest of assisting circuit courts in the exercise of their discretion, we note that courts in other jurisdictions have concluded that a reviewing court may exercise its discretion to take evidence in the following circumstances: when the record before the Board is incomplete because the aggrieved party was refused an opportunity to be fully heard or the Board excluded relevant evidence; when good and sufficient cause is shown for the failure to have offered the evidence to the Board; when the record presented to the circuit court does not contain all the evidence actually presented to the Board; when the Board's record fails to present the hearing in sufficient scope to determine the merits of the appeal; and when new evidence is discovered after the Board's proceedings were closed.[9]

[9] *See, e.g., Hoffman v. Kelly,* 138 Conn. 614, 615, 88 A.2d 379, 385 (1952); *Devaney v. Bd. of Zoning Appeals of New Haven,* 143 Conn. 322, 324, 122 A.2d 303, 305 (1956); *Lower Allen Citizens Action Group v. Lower Allen Twnship Zoning Hearing Board,* 93 Pa. Commw. 96, 500 A.2d 1253, 1258–59 (1985); *Hogentogler v. Windsor Twnship Zoning Hearing Board,* 65 Pa. Commw. 451, 442 A.2d 834, 837 (1982).

We now turn to Klinger's final argument that the application of Oneida County ordinance[10] in this case constituted an unconstitutional taking without due compensation. This question was raised for the first time in this court.

This court has generally upheld an ordinance prohibiting owners of nonconforming structures destroyed by fire from repairing, altering or making additions to nonconforming structures in an amount exceeding 50 percent of the structure's value. *See, e.g., State ex rel. Home Insurance Company,* 23 Wis. 2d 231, 242, 127 N.W.2d 270 (1963); *State ex rel. Covenant Harbour Bible Camp v. Steinke,* 7 Wis. 2d 275, 282, 96 N.W.2d 356 (1959). Although in these cases the ordinance applied to nonconforming structures damaged by fire, we can see no reason why the same principles we applied in upholding the constitutionality of restrictions on improvement of nonconforming structures should not apply to the facts of this case.

Klinger argues that this ordinance effects a taking because its enforcement decreases the value of his property. In *Buhler v. Racine,* 33 Wis. 2d 137, 143, 146 N.W.2d 403 (1973), this court concluded that "[i]ncidental damage, such as the dimunition of value of land because of a restricted use does not violate due process unless the restriction practically or substantially renders the land useless for all reasonable purposes." Klinger acknowledges that he could construct a dwelling in conformity to the ordinance.[11] The ordinance thus

[10]See note 1 *supra.*

[11]Although Klinger characterized his project as a repair or modification of the mobile home, he conceded that the mobile home

does not deny Klinger an economically viable use of his property. *Agins v. City of Tiberon,* 447 U.S. 255, 260 (1980). Thus we do not find Klinger's constitutional argument persuasive.

For the reasons set forth we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

had little if any value and that he intended to remove the mobile home trailer once the new exterior shell was completed.