Ronald ARNDORFER and Joan Arndorfer, Petition-
ers-Respondents-Petitioners,

v.

SAUK COUNTY BOARD OF ADJUSTMENT,
Appellant.

Supreme Court

*No. 89-0603. Argued January 3, 1991.—Decided June 5, 1991.*

(Also reported in 469 N.W.2d 831.)

For the petitioners-respondents-petitioners there were briefs by *Thomas P. Krukowski, Ann M. Barry* and *Krukowski & Costello,* Milwaukee and oral argument by *Thomas P. Krukowski.*

For the appellant there was a brief by *Eugene R. Dumas* and *Sauk County Corporation Counsel,* Baraboo and oral argument by *Mr. Dumas.*

WILLIAM A. BABLITCH, J. Petitioners, Ronald and Joan Arndorfer (the Arndorfers), seek review of a court of appeals' decision reversing a circuit court judgment which had reversed a decision by the Sauk County Board of Adjustment (Board). The Board denied the Arndorfers' request for a variance to use a holding tank sewage system on their land. The Board found that the Arndorfers were not entitled to the variance because they had not proven unnecessary hardship as required by

the Sauk County Sewage System Ordinance (Ordinance). The Arndorfers contend that the Board's decision was arbitrary and unreasonable and that they will suffer unnecessary hardship if the variance is not granted. We conclude that the record is inadequate to determine whether the Arndorfers met their burden of establishing that their hardship is unique to their land. However, we further conclude the record provides no rational basis for the Board's decision. Therefore, we remand this case to the Board for further factual findings and redetermination of all issues, including whether the Arndorfers have established unnecessary hardship.

In 1983, Ronald and Joan Arndorfer purchased a 109 acre farm in the Town of Winfield in Sauk County to be used as a recreation and hunting retreat. The Arndorfers improved the land and built living quarters. They also installed a holding tank sewage system in the fall of 1986. In July, 1987, the Arndorfers applied to the Sauk County Board of Adjustments for a variance to allow them to use the holding tank, pursuant to secs. 25.08(3)(g)(2) and 25.09(2)(e)(3) of the Ordinance.

Section 25.08(3)(g)(2) of the Ordinance provides that holding tanks:

> Shall be prohibited for use to serve new construction except in areas where a sanitary district has been formed. Where unnecessary hardship would otherwise result, persons aggrieved by this prohibition may appeal for a variance, in accordance with s. 25.09(2)(e)(3) of this Ordinance.

Section 25.09(2)(e)(3) of the Ordinance provides:

> As may be provided in this Ordinance, the Board of Adjustment shall have the power, in passing upon appeals where it is alleged that unnecessary hardship would result from the carrying out of the strict letter

of the Ordinance, to authorize such variance from the terms of this Ordinance as will not be contrary to the public interest and so that the spirit of the Ordinance shall be observed and substantial justice done.

The Arndorfers alleged that without a variance they would suffer unnecessary hardship because a soil percolation test had determined that the soils at their site would not support a conventional septic or pressurized mound sewage system. In addition, because the property was serviced by running water, a privy was prohibited under state regulations.

In August, 1987, the Board held a public hearing and unanimously denied the Arndorfers' requested variance because they had failed to establish unnecessary hardship. The Board based its decision on several grounds. First, the Board determined that the variance should not be granted because "there was evidence that the Arndorfers may be able to locate a more conventional, alternative system of sewage disposal on [their] property" and holding tanks should only be considered as "a last resort after other approved sewage disposal systems have been ruled unavailable." Second, the Board found that the Sauk County Board of Supervisors, intended sec. 25.08(3)(g)(2) to prohibit holding tanks to serve new construction except in areas where a sanitary district has been formed. Third, the Board found that the variance was inappropriate in this case because variances should generally only be allowed when the need for the variance arises from the unique characteristics of the particular property involved. The Board concluded that the Arndorfers' property was not unique because it was quite likely that numerous properties or building sites in the area required holding tanks to be suitable for residential development.

Pursuant to sec. 59.99(10), Stats., the Arndorfers petitioned for certiorari review of the Board's decision. The original taped recording of the Board's public hearing was unintelligible and no transcript of the hearing was otherwise available to serve as a basis for review of the Board's decision denying the variance. Both parties agreed to enter into a Stipulation of Facts to reconstruct the record for purposes of appeal.

The Stipulation introduced the following facts into the record:

> 2. That, due to on-site conditions, a privy or holding tank constitute the only types of private sewage systems available to service Petitioners' dwelling on the subject premises under applicable regulations.
>
> 3. That, insofar as Petitioners' dwelling on the subject premises is served by running water, a privy is not allowed under applicable regulations.
>
> 4. That the sizing, construction and installation of any holding tank is subject to subsecs. 83.18(5), (6) and (7), I.L.H.R. Wis. Adm. Code, and the proper interpretation or application of said provisions of the Code is not presently before this Court.
>
> 5. That no evidence has been presented to the Board of Adjustment indicating that the Petitioners or anyone else has attempted to establish a town sanitary district, as authorized by s. 60.71, Wis. Stats., which would include the subject premises; such a district would have the authority to allow Petitioners to utilize a holding tank on the subject premises in conformance with applicable regulations.

In addition to the Stipulation, the record submitted to the circuit court included the exhibits introduced into evidence at the public hearing. Among other things, this written record contains the Arndorfers' Notice of Appeal for the variance, their letter of explanation for seeking the variance, and soil test results from their property.

The Arndorfers' Notice of Appeal asserted that their neighbor had a recently installed holding tank.

The circuit court reviewed the stipulated facts and the written record and determined that the Arndorfers were entitled to a variance. The court of appeals reversed the circuit court, finding that the Board's denial of a variance to permit the use of the holding tank was not arbitrary, oppressive, or unreasonable. The court of appeals concluded that the Arndorfers had not proved "uniqueness," which it found to be an essential element of unnecessary hardship. The court also found the Stipulation of Facts irrelevant for purposes of this appeal and based its decision on the written record. Judge Sundby dissented, concluding that the evidence in the record did not support the Board's findings. The Arndorfers appealed and we granted their petition for review pursuant to sec. 809.62, Stats.

When reviewing the decision of a county board of adjustment, a court shall accord a presumption of correctness and validity to the Board's decision. *Snyder v. Waukesha County Zoning Board*, 74 Wis. 2d 468, 476, 247 N.W.2d 98 (1976). Therefore, the Arndorfers carry a dual burden on this appeal in order to be granted a variance. First, the Arndorfers must overcome the presumption of correctness accorded to the Board's decision. Second, as required by the Ordinance, the Arndorfers must establish that they will suffer unnecessary hardship if a variance is not granted. *See* 3 Anderson, *American Law of Zoning* 402 (3d ed. 1986) ("[I]t . . . [is] an established rule that a board of adjustment is empowered to grant a variance only where the applicant has proved that a literal application of the zoning regulations will result in unnecessary hardship."). The necessity of placing the burden upon the applicant to prove

253

unnecessary hardship is explained in McQuillin, *Municipal Corporations,* sec. 25.167 at 337 (3d ed. 1983):

> A party applying or appealing for relief to a zoning board of adjustment or review has the burden of proof of facts entitling him to that relief. Since a hearing before a board is not necessarily an adverse proceeding, the applicant is not entitled to have his petition allowed merely because no witnesses appear in opposition, but the applicant must comply with the proof required by statute and ordinance whether there is or is not opposition to his petition . . .. Unless an applicant is required to establish by proof all the essential elements of his right to relief, a board of review would have the power to nullify the zoning ordinance under the guise of exceptions or variances. (Footnotes omitted.)

We limit our review of judgments entered on statutory certiorari review when the circuit court does not take additional evidence to the following:

> '(1) [w]hether the board kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question.' *Klinger v. Oneida County,* 149 Wis. 2d 838, 843, 440 N.W.2d 348 (1989) (quoting *Brookside v. Jefferson Board of Adjustment,* 131 Wis. 2d 101, 120, 388 N.W.2d 593, (1986)).

[4]
The dispositive issue in this case is whether the Arndorfers have met their burden of proving unnecessary hardship, which includes the burden of proving "uniqueness." At the outset, we wish to emphasize that

our review is limited to the facts contained in the Stipulation of Facts and the written record. The use of a stipulation between parties to reconstruct a missing or damaged record is not only an appropriate practice, it is an encouraged one.[1]

The elements of unnecessary hardship were discussed in *Snyder*. We said in *Snyder*, 74 Wis. 2d at 474–75, that "the question of whether unnecessary hardship . . . exists is best explained as '[w]hether compliance with the strict letter of the [zoning] restrictions . . . would unreasonably prevent the owner from using the property for a permitted purpose or would render conformity with such restrictions unnecessarily burdensome.' " (quoting 2 Rathkopf, *The Law of Zoning and Planning* 45-28 (3d ed. 1972)).

We also recognized in *Snyder*, 74 Wis. 2d at 477–79, that unnecessary hardship requires that the hardship relates to a unique condition affecting the owner's land. The "uniqueness" element is necessary to prevent the purposes of the zoning regulations from being undermined by the granting of piecemeal exceptions to those regulations. As one commentator has explained:

> Hardship is not peculiar to the applicant's land if it is shared by a neighborhood or an entire area; a shared

---

[1]The procedure in Wisconsin for reconstructing a record is discussed in *State v. Perry*, 136 Wis. 2d 92, 401 N.W.2d 748 (1987) and *State v. DeLeon*, 127 Wis. 2d 74, 377 N.W.2d 635 (Ct. App. 1985). The *DeLeon* court noted that under the federal rule on which the Wisconsin procedure is based "the parties should first attempt to prepare an agreed statement of the record on appeal, either by stipulation or by the amendment and counter-amendment procedure . . .." *DeLeon*, 127 Wis. 2d at 79. We agree that a stipulated agreement is the most desirable solution when reconstruction of a record is necessary for appeal.

255

hardship will not support the granting of a use variance to relieve it. Thus, traffic problems common to a neighborhood and soil deficiencies common to an area are shared hardships which are not unique. Where the hardship imposed upon an applicant's property is no greater than that suffered by nearby lands, the board of adjustment may not grant a variance to relieve it. To grant such relief would be unfair to owners who remain subject to the general restrictions of the zoning ordinance, and it would endanger the community plan by piecemeal exemption. (Footnotes omitted.) 3 Anderson, *American Law of Zoning* 474-76 (3d ed. 1986).

Therefore, where the hardship imposed on the applicant's land is shared by nearby land, relief should be addressed through legislative, rather than administrative, means. *Id.* at 476.

Unnecessary hardship also requires that the variance not be contrary to the public interest. *See, e.g., Valley View Civic Ass'n v. Zoning Bd. of Adj.,* 501 Pa. 550, 462 A.2d 637 (1983). This requirement is incorporated in sec. 25.09(2)(e)(3) of the Ordinance and sec. 59.99(7)(c), Stats., which expressly state that a variance cannot be granted if it would be "contrary to the public interest." This requirement recognizes that some hardships are "necessary" to protect the welfare of the community. *See* 3 Ziegler, *Rathkopf's The Law of Zoning and Planning* 38-37-9 (4th ed. 1990); Anderson, 20.16 at 405-06.

The Board recognized that uniqueness and hardship are required elements of unnecessary hardship, but its three principle reasons for denying the Arndorfers' requested variance are not sustained by the record. Con-

sequently, we conclude that the record provides no rational basis for the Board's decision.

First, the Board found that there is no hardship because the Arndorfers may have been able to install a more conventional, alternative sewage system. The Stipulation, however, expressly states that state regulations will only allow a holding tank to be installed to service the Arndorfers' dwelling because of on-site conditions and because it is serviced by running water. There is no evidence to support the Board's finding that an alternative sewage system could be installed in accordance with state regulations on the Arndorfers' property.

Second, the Board concluded that the variance should not be granted because the County Board of Supervisors has a policy against the use of holding tanks except where a sanitary district has been formed. Regardless of the County Board's perceived preference for sanitary districts, sec. 25.08(3)(g)(2) provides that "persons aggrieved by this prohibition [against the use of holding tanks] may appeal for a variance . . .." Thus, applying for a variance remains an appropriate option for obtaining relief from the holding tank requirement for those property owners who can allege unnecessary hardship. The Board may not deny a variance simply because the variance constitutes a departure from the policy reflected in the Sauk County Ordinance. *See Schalow v. Waupaca County,* 139 Wis. 2d 284, 288, 407 N.W.2d 316, 318 (Ct. App. 1987).

Third, the Board determined that the Arndorfers' circumstances were not unique. The Board emphasized that there were other holding tanks in the area and that "the representative of the Planning and Zoning Office supported the conclusion that it is quite likely numerous

properties or building sites in this area will not be suitable for residential development unless holding tanks are available for new construction."

The fact that other holding tanks were in the area does not by itself justify a finding that the Arndorfers' soil conditions were not unique. The record is devoid of any evidence that the property owners with holding tanks in the area suffer from the same hardship as the Arndorfers. The other holding tanks may have been installed to service pre-existing construction or construction in an area in which a sanitary district had been formed.

Furthermore, the record does not contain any reference to findings of the Planning and Zoning Office Representative. These findings are not part of the record and we cannot rely on the Board's characterization of them in its decision.

Nevertheless, the burden remains with the Arndorfers to establish the elements of unnecessary hardship.

We cannot conclude from the record that the Arndorfers would suffer unnecessary hardship if the variance is not granted. The record provides no basis for concluding that the soil problems that have caused the Arndorfers' hardship are unique to their land. Because the Arndorfers have not met their burden of establishing uniqueness, this court is not in a position to order the Board to grant their variance.

We are reluctant, however, to affirm the Board's action by substituting our own reason for denying the variance where the Board has denied the variance request by citing reasons that are unsupported by the

258

record. *See* 3 Rathkopf at 42–63; *Golisano v. Town Board of Town of Macedon,* 31 A.D.2d 85, 296 N.Y.S.2d 623, 626 (1968). It is apparent that the limited facts introduced by the Stipulation may have contributed to the Board's inability to establish a rational basis for the Board's decision or to the Arndorfers' inability to establish uniqueness. Therefore, we conclude that the equitable disposition of this case requires that the case be remanded to the Board to allow additional evidence to be introduced and for the Board to redetermine whether the Arndorfers have met their burden of establishing unnecessary hardship. *See* 3 Rathkopf at 42–93. ("In some cases in which a petitioner for a variance had failed to establish one of the criteria for the grant of a variance, but it appeared that such proof could be produced, the equities of the situation will induce a court to remand the matter to the board of appeals for a further hearing in order to give the applicants a further opportunity to present evidence that they would in fact suffer unnecessary hardship unless granted a variance.") *See also Iacobelli v. City of Rye,* 64 A.D.2d 888, 407 N.Y.S.2d 895, 896 (1978).

On remand, the Board should consider whether the Arndorfers have met their burden of establishing that they would suffer unnecessary hardship under the standards set by the Ordinance and this court. If the Arndorfers cannot establish the elements of unnecessary hardship, including uniqueness, then their recourse is, as the Board suggests, to seek change through legislative action by lobbying for the formation of a sanitary district.

For the reasons stated above, we reverse the decision of the court of appeals and remand this case to the Board.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded for proceedings consistent with this opinion.