STATE EX REL. Gregory SPINNER and Marianne Giannis, Husband and Wife, and Mark Kennedy and Sarah Green, Husband and Wife, Petitioners-Appellants,

v.

KENOSHA COUNTY BOARD OF ADJUSTMENT, Including Individuals, Sheila M. Siegler, George Wundsam, Vernon Woltersdorf, William Glembocki, John Todd and Emily Uhlenhake, Respondents-Respondents,

George WRONOWSKI, Intervening-Respondent.

Court of Appeals

*No. 97–2094. Submitted on briefs September 10, 1998.—Decided November 11, 1998.*

(Also reported in 588 N.W.2d 662.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Walter W. Stern*, of Union Grove.

On behalf of the respondents-respondents, the cause was submitted on the briefs of *Donald E. Mayew* and *Matthew A. Knight* of *Phillips, Richards, Mayew and Corrigall, S.C.* of Kenosha.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

ANDERSON. J. Gregory Spinner appeals from a circuit court order upholding a zoning variance granted by the Kenosha County Board of Adjustment (the Board). The Board granted a zoning variance to George Wronowski because it found that with the irregular shape of his property an "unnecessary hardship" would result from enforcing the zoning ordinance's setback requirement. Spinner contends that the Board applied an incorrect theory of law for determining whether an "unnecessary hardship" was present for the zoning variance request and that the evidence was insufficient to support the Board's conclusion. We agree and, accordingly, reverse the Board's grant of the zoning variance.

Wronowski owns Lake George shorefront property in the town of Bristol, Kenosha county. Wronowski's property is unusual because a meandering creek from the lake bisects the middle of the 1.3 acre lot. Wronowski's property is situated in an "R–4 Urban Single-Family Residential District" according to the Kenosha County General Zoning and Shoreland/Floodplain Zoning Ordinance (ORDINANCE).[1] ORDINANCE § 12.21–4(g)[2] requires buildings to be setback 75 feet from any navigable water. Due to the peculiarity of his property, Wronowski must accommodate both navigable waters—the creek and the lake—with the ordinance's 75-feet setback requirement.

---

[1] KENOSHA COUNTY, WIS., GENERAL ZONING AND SHORE-LAND/FLOODPLAIN ZONING ORDINANCE § 12.21–4 (1994).

[2] The relevant text states:

(g) Yards

. . . .

2. Shore yard - not less than 75 feet from the ordinary high water mark of any navigable water.

ORDINANCE § 12.21–4(g)(2).

To build a desired two-story residence, Wronowski sought a zoning variance from the Board for the set-back requirement. Wronowski proposes building a residence of 2585 square feet, including 1652 square feet of living space on the first floor. The proposed residence would have a balcony and a lower level with an exposed basement and garage. With the required set-back, 1879 square feet of buildable land exist on the property.

The Board is empowered to grant a variance if it is not against the public interest, and "a literal enforcement . . . of the Ordinance will result in unnecessary hardship or practical difficulties." ORDINANCE § 12.36–1. The Board found that enforcing the setback requirement would cause an "unnecessary hardship" on Wronowski and granted him the variance. In the Board's unanimous decision, it made the following findings:

1. Due to the irregular shape of the subject parcel which is bisected by an outlet from Lake George, a literal enforcement of the set back provisions would result in an unnecessary hardship to the landowner/applicant and impose a practical prohibition to the use of the property for the residential purposes thus creating a hardship.
2. Granting the variance will not be contrary to the public interest. It will not impact negatively with respect to flooding, erosion or water quality.
3. The applicant's proposal would still preserve the spirit of the ordinance and is necessary to achieve substantial justice to the owner of this platted residential lot.
4. In absence of a variance, no feasible residential use can be made of the land. The difficulty is

> caused by the uniqueness of the conditions applying to this land and not due to conditions personal to the applicant.

The Board reasoned that "[d]ue to the unusual shape of the property created by the meandering creek, it would be impossible for the applicant to construct the proposed home within the 75' setback requirement." Also, it found that building a smaller home would "require a footprint and square footage which would result in a substantial hardship given the overall size of the parcel and its location." The Board concluded that architectural flexibility "is an absolute necessity" in order for this unique lot to be used for its zoned purpose. Spinner and other neighboring landowners petitioned for certiorari review of the Board's variance grant with the circuit court.

In the circuit court, Spinner argued, among other things, that the Board applied an incorrect theory of law. On May 22, 1997, the circuit court rejected this argument and affirmed the Board's decision. From this decision, Spinner appeals.

When conducting statutory certiorari judicial review, our standard of review of the circuit court's ruling is de novo. *See Nielsen v. Waukesha County Bd. of Supervisors*, 178 Wis. 2d 498, 511, 504 N.W.2d 621, 626 (Ct. App. 1993). Our review of a certiorari action is limited to determining: (1) whether the board kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that the board might reasonably make the order or determination in question. *See Klinger v. Oneida County*, 149 Wis. 2d 838, 843, 440 N.W.2d 348,

350 (1989). We accord a presumption of correctness and validity to the decision of the board when reviewing a decision by statutory certiorari. *See id.* at 844, 440 N.W.2d at 350. Thus, the board's findings will not be disturbed if any reasonable view of the evidence sustains them. *See Snyder v. Waukesha County Zoning Bd. of Adjustment*, 74 Wis. 2d 468, 476, 247 N.W.2d 98, 103 (1976).

State shoreland zoning regulations are designed to further the maintenance of safe and healthful conditions; prevent and control water pollution; protect spawning grounds, fish and aquatic life; control building sites, placement of structure and land uses and preserve shore cover and natural beauty. *See State v. Kenosha County Bd. of Adjustment*, 218 Wis. 2d 396, 406, 577 N.W.2d 813, 818–19 (1998); *see also* § 144.26, STATS. With proper consideration of these purposes for zoning regulations, county boards of adjustment are empowered by the state to grant exceptions or "variances" to the regulations. *See* § 59.694(7)(c), STATS.

ORDINANCE § 12.36–1 allows the Board to grant exemptions to the zoning regulations to prevent an "unnecessary hardship" upon the property owner. The party seeking the variance must prove that an unnecessary hardship will result if the variance is not granted. *See Arndorfer v. Sauk County Bd. of Adjustment*, 162 Wis. 2d 246, 253, 469 N.W.2d 831, 833 (1991). The hardship must be unique to the property and not a condition personal to the landowner. *See Snyder*, 74 Wis. 2d at 479, 247 N.W.2d at 104. Additionally, the hardship may not be self-created or merely a matter of personal convenience. *See id.* Finally, the variance cannot be contrary to the public interest. *See Arndorfer*, 162 Wis. 2d at 256, 469 N.W.2d at 835.

Relying on the recent supreme court opinion, *Kenosha County Board of Adjustment*, the parties disagree over whether the Board correctly applied the "unnecessary hardship" standard. Spinner argues that the Board erred because it focused on "the burden on Wronowski rather than looking at the purpose of the shoreland zoning ordinance and then determining unnecessary hardship." Spinner contends that the Board's primary focus was on whether or not Wronowski could build his desired home instead of the purposes of the zoning ordinance as mandated in *Kenosha County Board of Adjustment*.

On the contrary, the Board contends that it applied the "unnecessary hardship" test consistently with *Kenosha County Board of Adjustment*. In supporting this argument it states that "Relying upon the evidence presented, the Board concluded that absent the variance granted, Wronowski's land would have no feasible use."[3] The Board further asserts that the

___

[3] The Board relies on the definition of "unnecessary hardship" found in the ordinance: "[U]nnecessary hardship is present only where . . . *no feasible use* can be made of the property." *State v. Kenosha County Bd. of Adjustment*, 218 Wis. 2d 396, 411 n.9, 577 N.W.2d 813, 821 (1998). The state statutes do not contain an express definition for the term; however, the supreme court has noted that the statutory standard for "unnecessary hardship" is "no reasonable use." *See id.* In *Kenosha County Board of Adjustment,* the court explained that the ordinance's "no feasible use" standard is "arguably more restrictive than the statute permitting variances." *Id.* Nevertheless, as in *Kenosha County Board of Adjustment*, the Board's focus is really on the statutory—"no reasonable use"—standard. Accordingly, "because the statute and ordinance do not conflict, our analysis is limited to application of the statutory standard." *Id.* at 412 n.9, 577 N.W.2d at 821.

record demonstrates that it considered the purpose and intent of the ordinance.

We resolve this dispute by examining the "unnecessary hardship" standard developed by our supreme court in *Kenosha County Board of Adjustment*. There, the court overturned a variance request granted by this same Board. *See Kenosha County Bd. of Adjustment*, 218 Wis. 2d at 421–22, 577 N.W.2d at 825. In that case, a county resident desired a variance of the shoreland setback requirement to build a deck on her home. *See id.* at 401, 577 N.W.2d at 817. Due to the dangerous and "steep incline from the waters edge to the subject residence," the Board found an "unnecessary hardship" on the landowner and approved the variance request. *Id.* at 402, 577 N.W.2d 817. The court, finding that the Board applied an improper legal standard, stressed that the Board's proper focus when considering a variance request should be on the *purpose* of the zoning regulation. *See id.* at 413, 577 N.W.2d at 821. "[W]hen the record before the Board demonstrates that the property owner would have *a reasonable use* of his or her property without the variance, the purpose of the statute takes precedence and the variance request should be denied." *Id.* at 414, 577 N.W.2d at 822 (emphasis added). Accordingly, the court concluded that "[o]nly when the applicant has demonstrated that he or she will have *no reasonable use* of the property, in the absence of a variance, is an unnecessary hardship present." *Id.* at 421, 577 N.W.2d at 825 (emphasis added).

The Board held that because of the unusualness of Wronowski's land—the fact that it is both lakefront property and also bisected by a creek—there is no feasible residential use of the land without a variance. We disagree. The Board concluded that the unique topog-

raphy of Wronowski's property created a need for the variance. On the contrary, however, this argument was rejected in *Kenosha County Board of Adjustment*. There, the board had found that the property's topography—its steep, and perhaps dangerous, slope to the lakeshore combined with shoreline loss due to soil erosion—created an unnecessary hardship. *See id.* at 419, 577 N.W.2d at 824. The court responded that this unique topography alone did not create a hardship; it must be considered along with other factors. *See id.* at 419–20, 577 N.W.2d at 824. Moreover, the court reasoned that the board was too accommodating and apparently willing to approve "*any of a number of reasonable uses*, so long as it does not cause harm to the public." *Id.* at 421, 577 N.W.2d at 825.

In the present case, there was no evidence presented that a different design of the house could not incorporate the setback requirement. Without such evidence, the applicant may still enjoy a reasonable use of the property without a variance. *Kenosha County Board of Adjustment* instructs that an "unnecessary hardship" can be found only if the applicant has demonstrated that *no reasonable use* of the property exists without a variance. *See id.* In other words, the burden is on the applicant to demonstrate through the evidence that without the variance he or she is prevented from enjoying any reasonable use of his or her property. *See id.* Therefore, to meet the *Kenosha County Board of Adjustment* "unnecessary hardship" test, Wronowski must present evidence demonstrating that no other home design could incorporate the setback requirement on his property. He failed to do so; therefore, a reasonable use for his property without a variance remains a possibility. Accordingly, we find

that the Board failed to properly apply the no reasonable use standard to the evidence before it.

Next, Spinner raises several arguments which we will address separately. First, Spinner asserts that he was denied due process because the Board was biased against him. The law states that due process and fair play may be violated when there is bias or unfairness in fact or when the risk of bias is impermissibly high. *See Marris v. City of Cedarburg,* 176 Wis. 2d 14, 25, 498 N.W.2d 842, 847 (1993). We find no evidence in the record of either actual or implied bias.

Second, Spinner contests the jurisdiction of the Board. He asserts that Wronowski does not own the property because he failed to comply with §§ 31.14 and 710.11, STATS.; therefore, jurisdiction was improper. Together these statutes require a permit to create a dam on property and prohibit the ownership transfer of land containing a dam without a proper permit. *See id.* We agree with the circuit court's finding that the Board is not authorized or required to make a determination on this matter. *See* ORDINANCE § 12.36–5 (defining jurisdiction and powers of the board).

Spinner also contends that the Board proceeded improperly by failing to provide the Army Corps of Engineers with a copy of the variance request. The circuit court held that "the Army Corps of Engineers had notice of the Wronowski application and determined that . . . the area in question did not contain wetlands . . . ." We agree. Additionally in this appeal, Spinner contests the circuit court's consideration of a March 31, 1996 letter to corroborate testimony that the Army Corps of Engineers had indeed received notice of the variance request. We disagree finding that ORDINANCE § 12.37–2(d) permits the court to take additional evidence necessary to make a determination.

In conclusion, we reverse the Board's variance grant. We conclude that the Board did not apply the proper theory of law. Likewise, we conclude that the evidence is insufficient to support the Board's determination.

*By the Court.*—Order reversed.

NETTESHEIM, J. *(concurring)*. I fully agree with the majority opinion. The circuit court's ruling in this case was made without the benefit of the supreme court's recent decision in *State v. Kenosha County Board of Adjustment*, 218 Wis. 2d 396, 577 N.W.2d 813 (1998). Were it not for that decision, I would readily affirm the circuit court's ruling.

However, *Kenosha County Board of Adjustment* clarified that the standard for the granting of a variance is the "no reasonable use" test, not the "unnecessarily burdensome" test. *See id.* at 410–14, 577 N.W.2d at 820–22.[1] The court also clarified its holding in *Snyder v. Waukesha County Zoning Board of Adjustment*, 74 Wis. 2d 468, 247 N.W.2d 98 (1976):

> [W]e did not mean that a variance could be granted when strict compliance would prevent the property owner from undertaking *any of a number of* permitted purposes. Rather, when the record before the Board demonstrates that the property owner would have a reasonable use of his or her property without the variance, the purpose of the statute takes precedence and the variance request should be denied.

---

[1] This court had used the "unnecessarily burdensome" test in upholding the board of adjustment's grant of the variance in *State v. Kenosha County Board of Adjustment*, 212 Wis. 2d 310, 315–20, 569 N.W.2d 54, 57–59 (Ct. App. 1997), *rev'd,* 218 Wis. 2d 396, 577 N.W.2d 813 (1998).

*Kenosha County Bd. of Adjustment*, 218 Wis. 2d at 414, 577 N.W.2d at 822.

In this case, the circuit court's decision accurately recites all of the legal principles enunciated in *Kenosha County Board of Adjustment*. However, it is the result—not the law—of *Kenosha County Board of Adjustment* which compels our reversal in this case. Here, the Board determined that Wronowski's property is unique (1) because it accommodates two bodies of water—the lake which it abuts and the creek which intersects it, and (2) because the parcel has an irregular shape. In order to comply with the existing zoning, the Board correctly determined that Wronowski must construct an oddly configured residence, presumably accompanied by increased cost both as to design and construction. As a result, the Board concluded that some "architectural flexibility" was required. Prior to *Kenosha County Board of Adjustment*, I would have viewed Wronowski's predicament as a "hardship."

Nonetheless, the supreme court's decision demonstrates that if any feasible use of the property is available, a hardship cannot exist. Although the supreme court acknowledged, in the same breath, that a board of adjustment's decision is presumptively correct, is committed to the board's discretion and is conclusive if any reasonable view of the evidence sustains the board's finding, *see id.* at 415–16, 577 N.W.2d at 822, these deferential phrases ring hollow in light of the court's ultimate holding. The real effect of the court's decision is to significantly curtail a board of adjustment's discretion in such matters. It will be a rare case in which a landowner will be able to meet the "no feasible use" test.