ACCENT DEVELOPERS, LLC, Petitioner-Appellant,

v.

CITY OF MENOMONIE BOARD OF ZONING APPEALS,
Respondent-Respondent,

TIMBER RIDGE HOMES, LLC,
Intervenor-Respondent.

Court of Appeals

*No. 2006AP1268. Submitted on briefs January 29, 2007.
—Decided February 27, 2007.*

2007 WI App 48

(Also reported in 730 N.W.2d 194.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *William G. Thiel,* of *Weld, Riley, Prenn & Ricci, S.C.* of Eau Claire.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Michael J. Modl* and *Mitchell R. Olson* of *Axley Brynelson, LLP* of Madison.

On behalf of the intervenor-respondent, the cause was submitted on the brief of *Peter M. Reinhardt* and *Bridget M. Finke* of *Bakke Norman, S.C.* of Menomonie.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Accent Developers, LLC appeals the City of Menomonie Board of Zoning Appeals grant of an area variance to Timber Ridge Homes, LLC. Accent argues the board erred as a matter of law in granting the variance because Timber Ridge's hardship was self-created and the evidence in the record does not support the board's decision. We disagree and affirm the Board's decision.

BACKGROUND

¶ 2. Timber Ridge constructed two residential duplexes in the City of Menomonie. Timber Ridge mistakenly built part of each duplex within the front setback from the road right-of-way. James Dahl, the city building inspector, had approved the footings for the duplexes before the concrete footings were poured. However, the mistake was not discovered until after Timber Ridge completed the majority of the construction. Correction of the mistake would have cost Timber Ridge

over $100,000.[1] Therefore, Timber Ridge sought variances from the board that would permit the duplexes to remain despite the zoning ordinance violation.

¶ 3. On January 6, 2005, the Board of Zoning Appeals held a hearing on the variances. The board took evidence from Timber Ridge and all interested parties in attendance, including Accent, which owned adjacent lots. At the hearing, Timber Ridge through its agent testified it assumed based on other experiences that the building inspector would have let it know of any violations. Indeed, Dahl admitted he missed the setback violation. At the conclusion of the hearing, the board voted in favor of granting the variances and issued a resolution to that effect dated January 6, 2005.

¶ 4. Accent then filed a certiorari action with the Dunn County Circuit Court. On March 29, 2006, the court issued a written decision, affirming the board's decision granting the setback variances to Timber Ridge. Accent appeals the board's decision.

DISCUSSION

¶ 5. When reviewing a board's grant of a variance, we "must accord a presumption of correctness and validity to a board of adjustment's decision." *State*

---

[1] Interestingly, at Timber Ridge's variance hearing, Accent did not request the zoning ordinances be enforced. Instead, Accent indicated to the board that "they did not want to put Timber Ridge Homes in a position of having to tear down the constructed duplexes." Rather, Accent requested a similar variance be granted for its adjacent property. It is unclear from Accent's brief exactly what remedy it hopes to accomplish by this appeal.

*v. Outagamie County Bd. of Adj.*, 2001 WI 78, ¶ 25, 244 Wis. 2d 613, 628 N.W.2d 376. We will not disturb the findings of such a board "if any reasonable view of the evidence sustains such findings." *State v. Waushara County Bd. of Adj.*, 2004 WI 56, ¶ 13, 271 Wis. 2d 547, 679 N.W. 2d 514.

■

¶ 6. A board of zoning appeals may grant a variance based on special conditions where a strict enforcement of the provisions would result in an unnecessary hardship. Wis. Stat. § 62.23(7)(e)7; *State ex rel. Ziervogel v. Washington County Bd. of Adj.*, 2004 WI 23, ¶ 7, 269 Wis. 2d 549, 676 N.W.2d 401. Additionally, the hardship must be unique to the property and not self-created. *Ziervogel*, 269 Wis. 2d 549, ¶¶ 7, 20.

¶ 7. In *Outagamie County*, our supreme court affirmed a variance stating "compliance with the strict letter of the . . . Ordinance would be unnecessarily burdensome under the circumstances of this case." *Outagamie County*, 244 Wis. 2d 613, ¶ 51. The court also concluded the hardship was unique to the property and not self-created to the extent that the homeowners built the home in reliance upon a building permit lawfully issued by the city. *Id.*, ¶ 53. The court noted the evidence supported the board's approval of the ordinance. In particular, the town building inspector had previously granted a building permit for a single-family home without advising the owners of the need for a floodplain zoning permit from the county, and without such a permit being obtained. *Id.*, ¶¶ 11–12.

■

¶ 8. We conclude *Outagamie County*'s circumstances are analogous to the present case. Here, the

board recognized Timber Ridge's hardship was not *solely* self-created. The record contains ample evidence and discussion of external causes of Timber Ridge's hardship. Admittedly, Timber Ridge's faulty measurements were a substantial cause of the duplexes construction within the front setback. However, the board recognized during its hearing that the City bore some responsibility because its building inspector inspected and approved the footings, and he did not detect the setback violation. At least one member of the board stated that the City might have some culpability for not discovering the violation before approving the inspection. Timber Ridge, through its agent, testified that it relied on the inspection and approval to continue the building process. The board concluded there would be an unreasonable hardship for Timber Ridge to demolish and rebuild the duplexes, the hardship was not solely self-created, and the hardship was unique to Timber Ridge's property. Therefore, the board properly granted the variances.

¶ 9. Accent argues it was inappropriate for the board to have considered the role its official played when evaluating the unnecessary hardship. To support its argument, Accent principally relies upon *Willow Creek Ranch, LLC v. Town of Shelby*, 2000 WI 56, 235 Wis. 2d 409, 611 N.W.2d 693. The cases Accent relies upon hold a municipality cannot be estopped from enforcing its zoning laws based on the mistaken representations of its officers. *Id.*, ¶ 50. These cases do not hold a board may not consider the role its officials played in the zoning violation, when deciding whether to grant a variance. Therefore, we hold the board appropriately considered the role its official played in Timber Ridge's zoning violation.

¶ 10. Because there was a reasonable basis for the board to have concluded the hardship was not self-created and a strict enforcement of the ordinance would result in an unnecessary hardship, we affirm.

*By the Court.*—Judgment affirmed.