## COURT OF APPEALS
## DECISION
## DATED AND FILED

## May 15, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP105**

**STATE OF WISCONSIN**

Cir. Ct. No. **2022CV598**

**IN COURT OF APPEALS
DISTRICT II**

MARC A. SILVERMAN,

    PLAINTIFF-APPELLANT,

  V.

CALEDONIA BOARD OF APPEALS,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Racine County: DAVID W. PAULSON, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Marc A. Silverman, pro se, appeals from a circuit court order affirming, on certiorari review, the decision of the Caledonia Board of Appeals (the Board) denying his request for variances.   Specifically, Silverman sought variances from ordinances governing accessory structures in his yard and requiring that such structures be set back at least thirty-five feet from the street. The denial of the variances makes it unlawful for Silverman to maintain the array of thirty solar panels currently installed in his street yard with zero setback.   We conclude that the Board made an adequate record of its decision, based its decision on sufficient evidence, and did not act contrary to law.   Accordingly, we affirm.

## BACKGROUND

¶2     There is no genuine dispute regarding the following facts.

¶3     In August 2021, the Village of Caledonia zoning department issued Silverman a notice of a zoning violation for installing a solar array (thirty solar panels, each eighteen square feet in area) in the street yard of his property located on State Highway 31 in Caledonia.   Prompting the notice was the fact that the ordinance required a street-yard setback of thirty-five feet for the solar array, and Silverman had set up the array with zero setback. The notice provided Silverman with one month to move or remove the solar panels.  He failed to comply.

¶4     Silverman sought permits for the solar array from Caledonia village staff.  Village staff determined that the solar array was not an essential service and that the power array in aggregate (all of the solar panels) was one accessory structure in excess of that permitted by ordinances in effect at the time.  Therefore, village staff denied Silverman's permit application.

¶5 In December 2021, Caledonia codified Ordinance 16-1-1(a)(11)(a)(10), which only permitted ground solar power arrays in the side or rear yard in all residential districts within the village. Silverman's property is in a residential district. The ordinance specifically prohibited solar power arrays in the street yard and did not include any provision for "grandfathering."

¶6 Silverman next brought this matter before the Board appealing the two determinations made by village staff and seeking two variances to permit the installation of the solar array in his street yard with no setback from the street. After considering the testimony and other evidence presented at the hearing in light of the Municipal Code provisions at issue, the Board issued a written decision. It made the following findings of fact:

- That a solar power array is not an essential service as defined by code and is deemed a supplemental form or use of electrical power.

- That the size of a solar array structure should include the grouping of solar panels when calculating the size of the structure and comply with accessory structure regulations.

- That the variance would not be consistent with the purpose and intent of the regulations for the district as the Village Board decided to prohibit solar arrays in street yards of residential properties.

- That the parcel in question does not have any exceptional circumstances as there are other parcels which are wooded and have lower elevations than the abutting road.

- The applicant testified that there are expenses associated with using other forms of energy sources, however, economic hardship or self-imposed hardships cannot be the sole basis for granting a variance.

- The variance is not necessary for the preservation of utilizing a solar array on the property. The property owner has options to install a solar array on the property and comply with existing regulations.

Based on these facts, the Board disagreed with Silverman's interpretations of the relevant ordinances and denied his application for the variances.

¶7     Silverman sought certiorari review in the Racine County Circuit Court.  The court affirmed the Board's decision.  Silverman appeals.

## DISCUSSION

¶8     On appeal, we review the Board's decision, not the decision of the circuit court.  *Roberts v. Manitowoc Cnty. Bd. of Adjustment*, 2006 WI App 169, ¶10, 295 Wis. 2d 522, 721 N.W.2d 499.  The Board's decision is presumptively correct and valid.  *State ex rel. Ziervogel v. Washington Cnty. Bd. of Adjustment*, 2004 WI 23, ¶13, 269 Wis. 2d 549, 676 N.W.2d 401.  As we may not substitute our discretion for that committed to the Board by the legislature, we will not disturb the Board's findings if any reasonable view of the evidence sustains them. *Id.*

¶9     On certiorari review our inquiry is limited to whether the Board (1) kept within its jurisdiction; (2) proceeded on a correct theory of law; (3) acted in a way that was arbitrary, oppressive or unreasonable and that represented its will, not its judgment; and (4) reasonably might have made the order or determination in question, based on the evidence.  *Roberts*, 295 Wis. 2d 522, ¶11.

¶10     Silverman does not, and could not, challenge the Board's jurisdiction to decide the variance application.  *See* WIS. STAT. § 59.694(1), (7) (2021-22).[1] Rather, he argues that the Board exceeded its jurisdiction by enacting ordinances

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

restricting the use of solar energy, including prohibitions against solar arrays in the street yard and thirty-five foot setback provisions. He further argues that members of the Board were without jurisdiction to decide his appeal due to perceived conflicts of interest.

¶11     The Board is charged with interpreting, applying, and enforcing the Caledonia ordinances. Moreover, it had the benefit of the parties' pro and con positions on the matter, including testimony and written submissions. Silverman has not convinced us that the Board's interpretation of its own ordinances is incorrect. *See Roberts*, 295 Wis. 2d 522, ¶16. We conclude the Board acted within its legislatively granted authority.

¶12     We next consider whether the Board proceeded on a correct theory of law. Through WIS. STAT. § 59.694(7)(c), the legislature has delegated to local boards of adjustment substantial discretion to grant variances where literally applying zoning regulations would result in "unnecessary hardship not justified by the underlying purposes of the ordinance in question." *State ex rel. Ziervogel*, 269 Wis. 2d 549, ¶19. The hardship cannot be self-created, must be proved by the property owner, and must be based on conditions unique to the property rather than considerations personal to the property owner. *Id.*, ¶20. The variance must observe the spirit of the ordinance and may not be contrary to the public interest. Sec. 59.694(7)(c).

¶13     Silverman argues that the Board misinterpreted and misapplied the law. He contends that compliance with the strict letter of the ordinances would result in the unnecessary hardship of forcing him to remove solar panels which provide him essential energy services. We disagree.

¶14     The 169-page hearing and decision meeting transcript establishes that the Board considered the sections of the ordinances relating to structure and setback requirements, including their purpose and intent. It also considered whether the property was unique such that complying with the ordinances would pose an unnecessary hardship to Silverman and, if so, whether it was self-imposed or merely economic. It found that the property was not unique, that the solar array did not provide an essential service to Silverman, and that the hardship Silverman claimed was purely economic and self-imposed. Finally, the Board considered the impact on the community, finding that granting the variances sought for the solar array in the street yard with no setback would be contrary to the public interest.

¶15     These all are appropriate considerations. *See* WIS. STAT. § 59.694(7)(c); *see also **State ex rel. Ziervogel***, 269 Wis. 2d 549, ¶¶19-20. The Board proceeded on a correct theory of law. *See **Kraemer & Sons v. Sauk Cnty. Bd. of Adjustment***, 183 Wis. 2d 1, 8-9, 515 N.W.2d 256 (1994).

¶16     Silverman also complains that the Board's decision was arbitrary and represented its will, not its judgment, because it denied the variance based on its "personal feelings" and "vague unspecific references to 'the code.'"

¶17     The Board's written decision cited numerous reasons for denying Silverman's request for a variance. The lengthy transcript fleshes out those findings. Reading the written decision and transcript together, we conclude that the Board adequately set forth both the criteria under which it rejected Silverman's variance requests and the grounds for the denial. *See **Lamar Cent. Outdoor, Inc. v. Bd. of Zoning Appeals***, 2005 WI 117, ¶¶26-27, 284 Wis. 2d 1, 700 N.W.2d 87. A determination that has a rational basis is not arbitrary. ***Van Ermen v. DHSS***, 84 Wis. 2d 57, 64, 267 N.W.2d 17 (1978).

¶18 Finally, we consider whether the Board's decision was reasonable and based upon the evidence. On certiorari, we apply the highly deferential substantial evidence test to determine whether the evidence is sufficient. ***Clark v. Waupaca Cnty. Bd. of Adjustment***, 186 Wis. 2d 300, 304, 519 N.W.2d 782 (Ct. App. 1994). Under the "substantial evidence" test, we will affirm when there was "credible, relevant, and probative evidence" before the Board "upon which reasonable persons could rely to reach [that] decision"—even when the evidence could also support a contrary determination. *See **Sills v. Walworth Cnty. Land Mgmt. Comm.***, 2002 WI App 111, ¶11, 254 Wis. 2d 538, 648 N.W.2d 878.

¶19 Silverman argues that the Board's decision was unreasonable. Claiming that the Board employed "[c]onclusory statements and circular logic," he implies that no reasonable person could have reached the conclusions that the Board reached regarding his application for variances. However, Silverman fails to point to any credible evidence which reasonably calls the Board's decision into question. As such, Silverman's arguments fail under the substantial evidence test.

¶20 In sum, the Board's decision was sufficiently detailed for purposes of certiorari review, was based on substantial evidence, and contained no errors of law. *See **Lamar Cent. Outdoor***, 284 Wis. 2d 1, ¶16. Silverman failed to rebut the "presumption of correctness and validity" attaching to the Board's determination that he did not satisfy the necessary standards. *See **State ex rel. Ziervogel***, 269 Wis. 2d 549, ¶14; ***Sills***, 254 Wis. 2d 538, ¶11. Thus, we do not have a basis to reverse the Board's exercise of its discretion in denying Silverman's variance applications. We therefore affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.